## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## FORT MYERS DIVISION

| | |
|---|---|
| **JOSEPH FRANTZ**, an individual, | **CIVIL ACTION** |
| Plaintiff, | |
| v. | **Case No.  2:22-cv-300** |
| **COLLIER COUNTY BOARD OF COUNTY COMMISSIONERS**, a political subdivision of the State of Florida, | **Judge:** |
| | **Mag. Judge:** |
| Defendant. | |

### COMPLAINT AND DEMAND FOR JURY TRIAL

**NOW COMES** the Plaintiff, **JOSEPH FRANTZ** ("**FRANTZ**" or "Plaintiff") by and through undersigned counsel, and states the following for his Complaint:

### CAUSES OF ACTION

1.      This is an action brought under the Family & Medical Leave Act (FMLA) for (1) interference in violation of the FMLA, and (2) retaliation in violation of the FMLA.

### PARTIES

2.      The Plaintiff, **JOSEPH FRANTZ** ("**FRANTZ**") is an individual and a resident of Florida who at all material times resided in Collier County, Florida. **FRANTZ** performed work for the Defendant in Collier County, Florida, which is

1

within the Middle District of Florida, during the events giving rise to this case. **FRANTZ** was an employee within the contemplation of the FMLA.

3.     Defendant, **COLLIER COUNTY BOARD OF COUNTY COMMISSIONERS** ("COUNTY" or "Defendant") is a political subdivision of the State of Florida, and employed **FRANTZ** in Collier County, Florida.

4.     The Defendant employs in excess of 50 employees, and was **FRANTZ**'s employer within the meaning of the FMLA.

## JURISDICTION AND VENUE

5.     This Court has jurisdiction of this matter under 28 U.S.C. §1331.

6.     Venue is proper in the United States District Court for the Middle District of Florida because the Plaintiff resides in, and the Defendant conducts business in, and some or all of the events giving rise to Plaintiff's claims occurred in Lee County, Florida, which is within the Middle District of Florida. Venue is proper in the Fort Myers Division under Local Rule 1.04 since the action accrued primarily in Collier County, which is within the Fort Myers Division.

## GENERAL ALLEGATIONS

7.     **FRANTZ** began his employment with the Defendant on September 14, 2020, and was employed as the Superintendent of Roads and Bridges.

8.     **FRANTZ** performed his assigned duties in a professional manner and was very well qualified for his position.

2

9.     In or about October 2021, **FRANTZ** began to require reduced schedule FMLA leave in order to care for his spouse who was suffering from dementia, which is a serious health condition under the FMLA.

10.     **FRANTZ**'s wife's serious health condition worsened, however, and by April 2022, **FRANTZ** required intermittent FMLA leave.

11.     Because his wife remained hospitalized and/or incapacitated for more than 3-consecutive days, on or about April 13, 2022, **FRANTZ** advised the Defendant of his need for further FMLA leave, requested the same, and completed his portion of the FMLA application.

12.     However, on April 15, 2022, the Defendant abruptly terminated **FRANTZ**'s employment for allegedly poor work performance, which reason is false.

13.     The Defendant had not issued **FRANTZ** any warnings, discipline or critiques regarding his work performance prior to his requesting FMLA leave.

14.     The Defendant interfered with **FRANTZ**'s FMLA rights and terminated his employment because he requested and took FMLA leave.

## COUNT I – VIOLATION OF THE FAMILY MEDICAL LEAVE ACT ("FMLA")- INTERFERENCE

15.     The Plaintiff hereby incorporates by reference Paragraphs 1-14 in this Count by reference as though fully set forth below.

16.    **FRANTZ** qualified for FMLA leave under 29 U.S.C. § 2611(11); 29 CFR §§ 825.113(a); 825.800 since his spouse began suffering from a serious health condition, **FRANTZ** had worked for more than 1,250 hours in the previous 12 months, the FMLA defining a serious health condition as an illness, injury, impairment, or physical or mental condition that involves treatment by a health care provider.

17.    **FRANTZ** informed the Defendant of his likely need for leave for his spouse's serious health condition.

18.    The Defendant was responsible for designating leave as FMLA-qualifying and for giving notice of the designation within five business days, absent extenuating circumstances, after it has enough information to make that determination, such as when it receives medical certification.

19.    If the Defendant were to have decided that **FRANTZ**'s absence was not FMLA-qualifying, it must have notified him of this fact in the Designation Notice under 29 CFR § 825.300(d)(1).

20.    The Defendant has never provided **FRANTZ** with any notice disqualifying his FMLA leave.

21.    In fact, the Defendant should have determined that **FRANTZ** was eligible for leave under the FMLA and yet refused to allow him leave and return him to work, thus terminating his employment because of his request for federally protected medical leave.

4

22.    **FRANTZ** engaged in activity protected by the FMLA when he requested leave due to his spouse's serious health conditions, consistently informing the Defendant of the same.

23.    The Defendant knew, or should have known, that **FRANTZ** was exercising his rights under the FMLA and was aware of **FRANTZ**'s need for FMLA-protected absence.

24.    **FRANTZ** complied with all of the notice and due diligence requirements of the FMLA.

25.    The Defendant was obligated, but failed, to allow **FRANTZ** to take FMLA leave and to return **FRANTZ**, an employee who requested FMLA leave, to his former position or an equivalent position with the same pay, benefits, and working conditions when he tried to return to work under 29 U.S.C. § 2614(a)(1); 29 CFR § 825.215(a).

26.    A causal connection exists between **FRANTZ**'s request for FMLA-protected leave and his termination from employment with the Defendant because the Defendant denied **FRANTZ** a benefit to which he was entitled under the FMLA.

27.    As a result of the above-described violations of FMLA, **FRANTZ** has been damaged by the Defendant in the nature of lost wages, salary, employment benefits and other compensation and is therefore entitled to recover actual monetary losses, interest at the prevailing rate and liquidated damages.

WHEREFORE, Plaintiff requests trial by jury of all issues so triable as of right, an award of damages for lost wages and benefits, prejudgment interest, and liquidated damages under 29 U.S.C. § 2617(a)(1)(A), reinstatement or such other legal or equitable relief as may be appropriate, and an award of reasonable attorney's fees and costs as authorized under 29 U.S.C. § 2617(3), and any other such damages as this honorable Court deems just.

## COUNT II – VIOLATION OF THE FAMILY & MEDICAL LEAVE ACT ("FMLA")- RETALIATION

28.     The Plaintiff hereby incorporates by reference Paragraphs 1-14 in this Count by reference as though fully set forth below.

29.     **FRANTZ** qualified for FMLA leave under 29 U.S.C. § 2611(11); 29 CFR §§ 825.113(a); 825.800 since his spouse suffered from a serious health condition, the FMLA defining a serious health condition as an illness, injury, impairment, or physical or mental condition that involves treatment by a health care provider and **FRANTZ** worked more than 1,250 hours in the preceding 12 months of employment with the Defendant.

30.     **FRANTZ** informed the Defendant of his need for leave due to his spouse's serious health conditions.

31.     The Defendant was responsible for designating leave as FMLA-qualifying and for giving notice of the designation within five business days,

absent extenuating circumstances, after it has enough information to make that determination, such as when it receives medical certification.

32.     If the Defendant were to have decided that **FRANTZ**'s expected absence was not FMLA-qualifying, it must have notified him of this fact in the Designation Notice under 29 CFR § 825.300(d)(1).

33.     The Defendant has never provided **FRANTZ** with any notice disqualifying his FMLA leave.

34.     In fact, the Defendant determined that **FRANTZ** was eligible for leave under the FMLA but then terminated his employment because of his request for federally protected medical leave and required reinstatement.

35.     **FRANTZ** engaged in activity protected by the **FMLA** when he requested leave due to his spouse's serious health conditions, consistently informing the Defendant of the same.

36.     The Defendant knew that **FRANTZ** was exercising his rights under the FMLA.

37.     **FRANTZ** complied with all of the notice and due diligence requirements of the FMLA.

38.     A causal connection exists between **FRANTZ**'s request for FMLA-protected leave and required reinstatement and the Defendant's termination of his employment.

39.    The Defendant retaliated by altering the terms and conditions of **FRANTZ**'s employment by terminating **FRANTZ**'s employment because he engaged in the statutorily protected activity of requesting and taking FMLA leave. The Defendant terminated him because he engaged in this statutorily protected activity.

40.    The Defendant engaged in willful and intentional retaliation in violation of the FMLA by terminating **FRANTZ**'s employment because he engaged in activity protected by the FMLA. As a result of the above-described violations of FMLA, **FRANTZ** has been damaged by the Defendant in the nature of lost wages, salary, employment benefits and other compensation and is therefore entitled to recover actual monetary losses, interest at the prevailing rate and liquidated damages.

WHEREFORE, Plaintiff requests trial by jury of all issues so triable as of right, an award of damages for lost wages and benefits, prejudgment interest, and liquidated damages under 29 U.S.C. § 2617(a)(1)(A), reinstatement or such other legal or equitable relief as may be appropriate, and an award of reasonable attorney's fees and costs as authorized under 29 U.S.C. § 2617(3), and any other such damages as this honorable Court deems just.

## <u>DEMAND FOR JURY TRIAL</u>

**NOW COMES** the Plaintiff, **JOSEPH FRANTZ**, by and through his undersigned attorneys, and demands a jury trial under Federal Rule of Civil Procedure 38 on all issues triable of right by a jury in this action.

Respectfully submitted,

Dated: May 6, 2022        **<u>/s/ Benjamin H. Yormak</u>**
Benjamin H. Yormak
Florida Bar Number 71272
Lead Counsel for Plaintiff
YORMAK EMPLOYMENT & DISABILITY LAW
27200 Riverview Center Blvd., Suite 109
Bonita Springs, Florida 34134
Telephone: (239) 985-9691
Fax: (239) 288-2534
Email: byormak@yormaklaw.com